**THE WILLIAM H. BUCKMAN LAW FIRM**
Attorneys at Law
Moorestown Office Center
110 Marter Avenue, Suite 209
Moorestown, New Jersey 08057
(856) 608-9797
Attorneys for Plaintiff, James Black

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | | |
|---|---|---|
| JAMES BLACK, | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | DOCKET NO: |
| LINDENWOLD TOWNSHIP, THROUGH | : | |
| ITS POLICE DEPARTMENT, and | : | |
| OFFICER SCOTT PIERSON, | : | |
| | : | **COMPLAINT AND JURY DEMAND** |
| Defendants. | : | |

Plaintiff James Black, a resident of a resident of Camden County, New Jersey, by way of Complaint against the Defendants, says:

### INTRODUCTION

James Black was savagely attacked by a police dog and criminally charged when Mr. Back, at best, questioned an officer's motor vehicle stop of his spouse while in the private parking lot of their apartment complex.  Mr. Black has suffered permanent and life-threatening injuries, has been deprived of his livelihood, and been disfigured for life.

Page 1 of  9

**JURISDICTION**

Jurisdiction is invoked pursuant to 42 U.S.C § 1983. This Court has jurisdiction over Plaintiff's federal civil rights claims pursuant to 28 U.S.C. §§ 1331 and 1343, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

**PARTIES**

1. Plaintiff James Black, at all times relevant to the allegations of this Complaint, is a resident of Lindenwold Township, New Jersey. Plaintiff and his wife are African-American.

2. Defendant Scott Pierson, at all times relevant to the allegations of this Complaint, is a Caucasian police officer employed by Lindenwold Township, through its Police Department, and acted in the course of his employment and/or under color of state law. He is sued in his individual capacity.

3. Defendant Lindenwold Township, through its Police Department, at all times relevant to the allegations of this Complaint, is the employer of Defendant Pierson and acted under color of state law. Defendant Lindenwold Township, through its Police Department, is sued for injunctive relief.

**FACTS**

4. On or about October 07, 2010, Plaintiff was forty years old and generally a healthy, vibrant man, residing with his family at the Emerald Ridge Apartments, 101 Gibbsboro Road, Lindenwold, New Jersey - a private apartment complex.

5. On that date, Plaintiff, a taxi driver, was leaving for work when he discovered that Defendant Pierson had stopped and pulled over his wife, Michelle Black, in their driveway of their private apartment complex.  At the time, Plaintiff's two young children were seated in the back of the family's sport utility vehicle.

6. When Plaintiff drove up next to his wife's vehicle to inquire what was transpiring, Defendant Pierson threatened Plaintiff with arrest.

7. When Plaintiff pointed out that he was merely asking Defendant Pierson only for the most basic information relating to his wife and children, Pierson arrested Plaintiff and released his police dog, a K-9 German Shepard, from his police vehicle.

8. On Defendant Pierson's command, the K-9 viciously attacked Plaintiff, mauling Plaintiff and ripping deeply into Plaintiff's flesh on various parts of his body - in front of his wife and small children.

9. Despite Plaintiff posing no threat to either Defendant

      Pierson or the K-9, Defendant Pierson placed Plaintiff in a chokehold and/or headlock while the K-9 attacked Plaintiff.

10. Needless to say, Plaintiff was hospitalized repeatedly and has suffered severe and permanent injuries, which shall impact him for the rest of his life - all because he merely sought to question a police officer as to why his wife and children had been stopped on private property.

11. As a result of this incident, hours later, Plaintiff suffered a massive stroke, for which doctors had to remove pieces of Plaintiff's skull to relieve pressure on his brain.  The craniotomy has left Plaintiff disfigured, with a grossly swollen head.

12. Incredibly, Plaintiff was charged with aggravated assault on a police officer and resisting arrest, as well as obstruction and interference with a police officer using a K-9.

13. Upon information and belief, with knowledge of Defendant Lindenwold Township, through its Police Department, the K-9 in question was not properly trained.

14. Upon information and belief, with knowledge of Defendant Lindenwold Township, through its Police Department, neither Defendant Pierson nor the K-9 were properly certified.

15. The Internal Affairs Department of Defendant Lindenwold Township, through its Police Department, purported to

conduct an internal affairs investigation into this matter.

16. Nevertheless, in reality, Defendants intimidated witnesses and/or tampered with their testimony so as to attempt to clear Defendant Pierson.

**CAUSES OF ACTION**

**COUNT I**
**42 U.S.C. § 1983**
**DEFENDANT PIERSON**

17. Plaintiff incorporates the allegations of the previous paragraphs as if set forth at length herein.

18. The conduct of Defendant Pierson, acting under color of state law, resulted in Plaintiff being falsely and unlawfully detained and arrested, thereby depriving Plaintiff of his right to be free from an unreasonable seizure of his person in violation of the Fourth Amendment to the United States Constitution.

19. The conduct of Defendant Pierson, acting under color of state law, resulted in Plaintiff being subjected to an unlawful use of excessive and/or deadly force, in violation of the Fourth Amendment to the United States Constitution.

**COUNT II**
**42 U.S.C. § 1983**
**LINDENWOLD TOWNSHIP, THROUGH ITS POLICE DEPARTMENT**

20. Plaintiff incorporates the allegations of the previous

paragraphs as if set forth at length herein.

21. Defendant Lindenwold Township, through its Police Department, acting under color of state law, failed to properly train and supervise Defendant Pierson, and failed to provide appropriate safeguards to prevent the deprivation of Plaintiff's Fourth Amendment rights under the United States Constitution.

22. Defendant Lindenwold Township, through its Police Department, acted under color of law pursuant to an official policy or custom and practice of the Department, and intentionally, knowingly, recklessly or with deliberate indifference, failed to properly and adequately control and discipline, and otherwise failed to restrain Defendant Pierson from unlawfully and maliciously causing the deprivation of Plaintiff's Fourth Amendment rights under the United States Constitution.

23. Defendant Lindenwold Township, through it Police Department had knowledge of, or had it diligently exercised its duties to instruct, supervise, control and discipline Defendant Pierson on a continuing basis, should have had knowledge of, the wrongs that were done as alleged above, and intentionally, knowingly, wilfully, or with deliberate indifference to Plaintiff's rights, failed or refused to prevent their commission.

24. Defendant Lindenwold Township, through its Police Department, acting under color of law, thereby approved or ratified the unlawful, deliberate, malicious, reckless and wanton conduct of Defendant Pierson.

## COUNT III
## NEW JERSEY STATE CONSTITUTION

25. Plaintiff incorporates the allegations of the previous paragraphs as if set forth at length herein.

26. This Court has supplemental jurisdiction to hear and adjudicate state law claims.

27. Defendants are liable for state law violations pursuant to the New Jersey State Constitution and/or New Jersey statutes.

## RELIEF

**WHEREFORE,** Plaintiff seeks relief and judgment against the Defendants, including, but not limited to:

1. An award of compensatory damages and punitive damages against the individual Defendants, based on the intentional and malicious acts of said Defendants, which are allowed by statutes pleaded herein or as permitted by common law and rules;

2. An award of reasonable attorneys' fees and all costs of suit and interest thereon;

3. An award of damages as allowed under 42 U.S.C. §§ 1983;

4. Any other award and equitable relief allows by statute or pursuant to the law or equitable and just power of this Court to which Plaintiff is entitled.

5. Injunctive relief as follows:

   I. An order permanently restraining and enjoining the Lindenwold Township, through its Police Department from encouraging, condoning, and/or tolerating its officers in making arrests, or taking other law enforcement action, which in any way is intended to produce any of the constitutional violations described herein.

   II. Any other prospective injunctive relief that the Court deems just and appropriate under the circumstances.

**JURY DEMAND**

Plaintiff hereby demands trial by jury of all issues in this action.

**DESIGNATION OF TRIAL COUNSEL**

Plaintiff designates William H. Buckman, Esq., as trial counsel in this matter.

/s/William H. Buckman
WILLIAM H. BUCKMAN
Attorney for Plaintiff,
James Black

Dated: