Case 1:11-cv-02283-JEI-AMD   Document 111 *SEALED*   Filed 10/08/13   Page 1 of 4
PageID: 830

WILLIAM H. BUCKMAN LAW FIRM
Attorneys at Law
Moorestown Office Center
110 Marter Avenue, Suite 209
Moorestown, NJ 08057
(856) 608-9797
Attorneys for Plaintiff, James Black, et al.

## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES BLACK, et al.<br><br>    PLAINTIFF(S),<br><br>  v.<br><br>BOROUGH OF LINDENWOLD,<br>THROUGH ITS POLICE DEPARTMENT,<br>et al.,<br><br>    DEFENDANT(S), | ~~(CONFIDENTIAL)~~<br><br>CIVIL ACTION NO.:<br>1:11-CV-02283-JEI-AMD<br><br>HON. JOSEPH E. IRENAS,<br>U.S.D.J.<br>*ORDER AND*<br>**JUDGMENT APPROVING MINORS'<br>SEMAJ AND JAEL BLACK,<br>SETTLEMENT AND DIRECTING THE<br>INVESTMENT AND/OR<br>DEPOSIT OF FUNDS AND APPROVING<br>COUNSEL FEES** |

THIS MATTER, having come before the Court in accordance with Rules Governing the Courts of the State of New Jersey on the 8th day of October, 2013, William Murphy, Paula Xinis and William Buckman, attorneys for Plaintiffs James Black, Jr., Michele Black and minors Semaj and Jael Black as well as Michael P. Madden, Esq., and J. Brooks DiDonato, Esq., attorneys for Defendants, appearing, and the attorneys for the parties having reported to the Court that they have arrived at a settlement of the Plaintiffs' claim against the Defendants and the Court having reviewed the materials submitted and taken proofs of the record the Court finds that the settlement amounts set forth

Case 1:11-cv-02283-JEI-AMD   Document 113   Filed 10/09/13   Page 2 of 4 PageID: 840
Case 1:11-cv-02283-JEI-AMD   Document 111 *SEALED*   Filed 10/08/13   Page 2 of 4
PageID: 831

below are fair and reasonable and comport with all applicable law including New Jersey Rule 1:27-1.  Further, the Court finds that as to minor Plaintiffs Jael Black and Semaj Black, the settlement set forth below is also in the minors' best interests; and

The attorneys having petitioned for fees of $1,546,524.50 (although not asking for additional fees for the minors' shares) and the court having found that the attorneys achieved results justifying additional fees representing 33 percent of the net for the adults and the Court having found that the attorneys did achieve extraordinary results in this matter;

Accordingly, it is on this ___ day of October, 2013, ORDERED and ADJUDGED that:

1.   Judgment is entered on behalf of all Plaintiffs as to ~~all~~ Defendant *Borough of Lindenwold* in the total amount of $4,999,999.99.  Further the distribution of settlement funds shall be as follows:

| | |
|---|---|
| Cash to James and Michele Black | $602,814.85 |
| BHG Structured Settlements, Inc. | $1,544,000.00 |
| James Black Irrevocable Trust | $878,329.95 |
| Jael Black Irrevocable Trust | $28,000.00 |
| Semaj Black Irrevocable Trust | $28,000.00 |
| Plaintiff's Personal Loan (Foran) | $18,000.00 |
| Plaintiff's Personal Loan (Global) | $8,847.00 |
| Medical Lien | $88,458.68 |

|                         |          |                 |
|-------------------------|----------|-----------------|
| Medicare Set Aside      |          | $22,025.01      |
| Attorney Fees           |          | $1,546,524.50   |
| Murphy & Falcon Expenses |          | $235,000.00     |
|                         | Total:   | $4,999,999.99   |

2.   Judgment is entered on behalf of Semaj Black, a minor by his/her Guardian *ad Litem*, in the amount of $250,000, against the Defendant, Borough of Lindenwold, without costs and/or interest.

3.   Judgment is entered on behalf of Jael Black, a minor by his/her Guardian *ad Litem*, in the amount of $250,000, against the Defendant, Borough of Lindenwold, without costs and/or interest.

4.   The Court hereby establishes the Semaj Black Irrevocable Trust and Jael Black Irrevocable Trust substantially in the form attached as Exhibit N and O to Attorney William H. Buckman, Esq.'s Attorney Certification filed with this Court on October 2, 2013.

5.   Michele Black shall immediately apply to the Surrogate of Camden County pursuant to R.4:81 for the appointment as guardian of the minors.  It shall be the responsibility of the attorney for the Plaintiff to see that this appointment is completed.

3

6.    The Guardian of the minors is not authorized to receive any additional funds or property on behalf of the minors, except upon application to the Superior Court, Chancery Division, Probate Part, where the terms or conditions for the receipt of additional funds or property may be fixed.  Pursuant to N.J.S.A. 3B:12-31, said limitation shall be stated in the Letter of Guardianship certificates hereinafter issued by the Surrogate.

7.    Upon qualifying, the Surrogate of Camden County shall issue Letters of Guardianship for Semaj Black, a minor, and Jael Black, a minor, and thereupon Michele Black will be and hereby is authorized to perform all the duties and responsibilities of a guardian as allowed by law.

8.    Upon qualifying, the Surrogate of Camden County shall issue Letters of Guardianship for the Estate of Jael Black, a minor, and Semaj Black, a minor, and thereupon Michele Black will be and hereby is authorized to perform all the duties and responsibilities of a guardian as allowed by law.

9.    The attorney for the Plaintiff shall deliver a copy of this Judgment to all parties and the Surrogate of Camden County within 5 days of the date hereof.

_____
HON. JOSEPH E. IRENAS, U.S.D.J.

4